No. 21-5773

IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT
_____

DRAYTON D. BERKEY D/B/A BERKLEY LAW FIRM
Appellant

V.

JOSEPH C. WILLIAMS
Appellee

BRIEF OF THE APPELLANT

Appealed from the United States District Court for the Western District of Tennessee.

This Brief is filed by:

Drayton D. Berkley
P.O. Box 771048
Memphis, TN 38177
Telephone Number: 901-322-8706
Facsimile Number: 901-881-0316

## STATEMENT OF JURISDICTION

The federal district court asserted federal diversity subject matter jurisdiction of the claims at issue in this appeal pursuant to 28 USC § 1332. (RE 101).

This court has appellate subject matter jurisdiction pursuant to 28 USC § 1291 in light of the district court's judgment. The district court's order constitutes a final appealable order. *Union Oil Company v. Service Oil Company, Inc.*, 766 F.2d 224, 228 (6th Cir. 1985).

The district court's judgment disposing of all the parties' claims was entered on July 14, 2021. RE 101-102. The notice of appeal filed on August 13, 2021, and is timely. RE 106.

## CORPORATE DISCLOSURE STATEMENT

The appellant, Drayton D Berkley, is a natural person and not a corporate entity.

## TABLE OF CONTENTS

Page Numbers

Statement of Jurisdiction……………………………………....2

Corporate Disclosure Statement………………………………… 2

Table of Contents. ………………………..………………….. 2-3

Table of Authorities ………………………………….……… 3-5

Request for Oral Argument ……………………….…………… 5

Statement of the Issues ………………………………...……… . 5

Statement of the Case ……………………………………….…...5-8

Summary of Argument…………………………………………….. 8

Argument…………………………………………………………… 9-15

Conclusion ……………………………………………………….. 15

Certificate of Compliance …………………………………… 11

Addendum ……………………………………………………… 12

## TABLE OF AUTHORTIES

A. Cases

*Alexander v. Inman,* 974 S.W.2d 689 (Tenn. 1998) …………………..12

*Ali v. Mid-Atlantic Settlement Services*, 233 FRD 32 (DDC 2006)...…..11

*General Construction & Remodeling, Inc.*, 2017 WL 7733051 (16-cv-2809-SHL-dkv) (W.D. Tenn. March 31, 2017). ………………………………….9

*Federal Financial Co. v. Longiotta*, 164 F.RD 419 (E.D.N.C. 1996),……………….……………………………………..9

*Hatfield v. Allenbrook* Nursing & Rehab Center, W2017-00957-COAR3-CV, 2018 WL 3740565 Slip Op. at 43-44 (Tenn. Ct. App. August 6, 2018)………..14

*Matter of Crouse Corp.*, 956 F.Supp. 1384 (W.D. Tenn. 1997)………….14

*In re Estate of Marks* 187 S.W.3d 21, 32 (Tenn. Ct. App. 2005) …………12

*Perez v. Old Capital Co.*, 411 S.W. 3d 66, 72 (Tex. App. 2013)……………………………………………………………………..…..10

*Summersett v. Jaiyeola*, 438 S.W.3d 84, 92 (Tex. App. 2013)…………………………..…………………………………………….10

*Union Oil Company v. Service Oil Company, Inc.*, 766 F.2d 224 (6th Cir. 1985).………………………..………. ………... 2

*US v. Barrow*, 2018 WL 2670617, 17-1628 (6th Cir. February 8, 2018)………9

*Van Horn v. Nationwide Property & Cas. Ins.*, 436 Fed. Appx 496 (6th Cir. 2011)…………………………………………………………………..13

*United States v. Dotterweich*, 320 US 277 (1943)……………………...……14

*US v. Kerley*, 784 F.3d 327 (6th Cir. 2015)……………………………………..13

Waifersong Ltd v. Classic Music Vending, Inc., 976 F.2d 290 (6th Cir. 1992).………………………………………………………………………11

*Ward v. Nava*, 488 S.W.2d 738 (Tex. 1972). ………..…………………………..10

B. Statutes

28 USC § 1291……………………………………………………………………….2

28 USC § 1332…………………….. ……………………………………….....… 2

REQUEST FOR ORAL ARGUMENT

Berkley does not request oral argument for this matter.

STATEMENT OF ISSUES

The district court erred setting aside the default judgment against Williams.

The district court erred in finding insufficient evidence of rates.

The district court erred in finding insufficient evidence of allocation of rates for Williams

STATEMENT OF THE CASE

Between December 4, 2012 and August 29, 2014, Plaintiff provided and the Defendant accepted Plaintiff's legal services in five (5) related civil matters and one criminal matter. RE 1

The Chancery Court of Shelby County, Tennessee awarded a $6,000,000.00 dollar verdict against Williams, People's Choice, and Teresa jointly and severally and transferred title from Kimberlee Williams, Alexis Williams, and Chazz Brantley to Regions because the funds utilized to pay-off the mortgage were proceeds of the civil conspiracy.  RE25

Berkley testified pursuant to Rule 701 that his hourly rate for these cases was $350 per hour. T54.  Berkley noted that white collar rates such as the Williams' sales tax fraud usually commanded significantly higher market rates than those available for a Section 1983 case or an employment case. T117. The

...

invoices at Exhibits 2 and 3 value the paralegal time at $180 per hour and the Court reporter bills at $3,219.28. RE 105-2 and RE 105-3. This testimony inadvertently did not include the cost expense of Court reporter bills of $3,219.28 reflected on RE 105-2 .

People's Choice was not an LLC at the time of trial or appeal. T141

Thus, Williams was responsible for paying 100% of the judgment. Williams received 100% of the benefits of Berkley's services in resisting the civil appeal and 25% of benefits of Berkley's services in resisting the FED action and the filing of the Writ of Certiorari to Circuit Court because he was one of four (4) individuals that lived there. Berkley's services kept Williams in his home for an additional year after he would have been evicted in January 2013. T43. Williams decided to appeal. T147.

Since it was not an LLC at the time, T141, then Williams would have suffer 100% of the incarceration and 100% of any criminal fines. Thus, Williams received 100% of the benefit of Berkley's services in defending the criminal matter and securing a hung jury in that Williams remained free on bond and remained innocent in the eyes of the law for sales tax fraud. Williams received the benefit of Berkley's services in that he remained free on bond and was not incarcerated. T43,

T147, T127 Berkley did a ton of work in a hurry to keep Williams in his house and out of jail. T43.

On September 2, 2014, after all the matters were concluded, Plaintiff transmitted final demand to the Defendant for payment. DE 1-2 2.

On December 16, 2017, Plaintiff filed suit in this case for unpaid legal fees. [DE 1].

On December 18, 2017, the Court issued process. [DE 6].

Plaintiff attempted to serve Defendant by certified mail return receipt on December 18, 2017. [RE 7]

The attempt to serve Defendant by certified mail return receipt was unsuccessful. [RE 7]

Thereafter, Plaintiff transmitted the service of process papers to the Tarrant County, Texas constable for in-person service. [RE 7] 7. On March 19, 2018, Sergeant Gonzalez of the Tarrant County, Texas Constable's office advised that he attempted to serve process on Defendant on March 2, 2018 but the residence was vacant and had a realtor's lock on the door. Gonzalez also advised that he attempted to make a second attempt to serve process and had left his card at the residence. Gonzalez advised that no one had contacted him and he was in the process of running a skip trace for Williams. [RE 7]

On March 26, 2018 the trial court granted a 90-day extension of time to serve process upon Williams. [RE 8].

Plaintiff and Sergeant Gonzalez located several alternative addresses for Williams and attempted to served him in person at those locations. After several attempts to serve Williams and interacting with his spouse, Sergeant Gonzalez concluded that Williams was avoiding service. [RE 11-1]

On June 14, 2018 the Court granted a second 90-day extension to serve process. [RE 10].

On August 15, 2018, Williams was served with process by service upon his spouse.  The process server testifies that Williams' spouse agreed to accept the summons and complaint but let them drop to the ground instead of taking them. R21.

Williams claims that the process server left the summons and complaint at the door after a knock and his spouse retrieved them. RE 19-1.

Williams was also served a second time on August 18, 2018 by a different process server. R21.

## SUMMARY OF THE ARGUMENT

The District Court misapplied the legal standard to set aside the default judgment and applied the incorrect legal standard in setting rates and misapplied the legal standard in allocating time.

ARGUMENT

1. *Standard of Review for Motion to Set Aside Default Judgment*

In *US v. Barrow*, 2018 WL 2670617, 17-1628 (6th Cir. February 8, 2018), the Sixth Circuit held a district court may set aside a default judgment based on Rule 60(b)(1) only upon a finding that the defendants (1) is not culpable for the default (2) has a meritorious defense and (3) Plaintiff will not be prejudiced. If the defendant has been culpable in the default, then the court must deny the motion to set aside the default judgment. *Id*.

    A. <u>Plaintiff effectively served Williams</u>

    (i)    Williams was effectively served under federal law

In *Federal Financial Co. v. Longiotta*, 164 F.RD 419 (E.D.N.C. 1996), the Court found under strikingly similar circumstances, that the Defendant was properly served when the Defendant's spouse refused to accept the process and the process server left the process at the Defendants' doorstep. Thus, service on Williams was accomplished pursuant to federal law and Rule 4(e)(2) of the Federal Rules of Civil Procedure.

    (ii) Williams was effectively served under Texas law

In *Perez v. Old Capital Co.*, 411 S.W. 3d 66, 72 (Tex. App. 2013), the Texas Court of Appeal found that a process servers return constituted a presumption of service. In the strikingly similar case, the Texas Supreme Court found that the uncorroborated testimony of the defendant is insufficient to overcome this presumption. *Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1972). Finally, in *Summersett v. Jaiyeola*, 438 S.W.3d 84, 92 (Tex. App. 2013), the Texas Court of Appeals found that a defendant is personally served as long as the summons and complaint were deposited in an appropriate place in their presence or where they are likely to find it and informed of the nature of the process .

Applied herein, the Defendant's uncorroborated declaration does not overcome the presumption of service consistent with *Perez* and *Ward*. Moreover, the process server's affidavit establishes that Williams was also personally served consistent with *Summersett*. Thus, service on Williams was accomplished pursuant to Texas law and Rule 4(e)(1) of the Federal Rules of Civil Procedure.

In sum, because Williams was effectively served with process on August 15, 2018 , the judgment is not void pursuant to Rule 60(b)(4).

B.  <u>Williams is culpable in his default</u>

A defendant is culpable for the default if the defendant does not appear to

defend after being served with process. Waifersong Ltd v. Classic Music Vending, Inc., 976 F.2d 290 (6th Cir. 1992). Dilatory conduct also constitutes culpable conduct. FCCI Ins. Co. v. Morris  This is also sufficient service under federal law. *Ali v. Mid-Atlantic Settlement Services*, 233 FRD 32 (DDC 2006).  Williams was also effectively served on August 18, 2018 *General Construction & Remodeling, Inc.*, 2017 WL 7733051 (16-cv-2809-SHL-dkv) (W.D. Tenn. March 31, 2017). A party in default is not entitled to notice if they have not appeared formally or informally. *Burger v. Engineer Paint Applications, Inc*., 2017 WL 3431439 (17-cv1063-STA-egb) (W.D. Tenn. August 9, 2017).

Applying the foregoing authority, Williams was culpable in his default. Williams was on notice of the lawsuit no later than August 15, 2018. Williams did not appear informally until 9 days after the default judgment had occurred, RE 19 , and thus was not entitled to any notice prior to the entry of the default judgment pursuant to Burger. Williams is culpable for the default judgment.

Accordingly, the trial court erred in setting aside the default judgment and this Court should reverse the trial court and render judgment in favor of Plaintiff Berkley.

2.  *The trial court applied an incorrect legal standard for legal rates an allocation of services.*

Standard for Proof of Rates

*In re Estate of Marks* 187 S.W.3d 21, 32 (Tenn. Ct. App. 2005). The standard of proof requires evidence of "(1) the nature of the services provided, (2) the period during which the services were provided, (3) the number of hours worked, and (4) the hourly rate customarily charged for these services. Estimations and approximations are sufficient. *Adams v. Underwood*, 470 S.W.2d 180, 184 (Tenn. 1971).

*Attorney Rates*

Berkley testified pursuant to Rule 701 that his hourly rate for these cases was $350 per hour. T54. Moreover, the admission of Exhibit 2 contains a description of the services provided, the period the services were rendered, and the number of hours worked. Berkley's lawyer hourly rates have been proven to a preponderance of the evidence. Berkley had over a decade of experience with civil fraud cases from him time at the Cochran Firm Memphis until the time Williams' case was appealed. T83-85. Most significantly, Berkley's $350 hourly rate is within the range of reasonableness because is lower than the $500 hourly rate set out in *Coleman*. *Alexander v. Inman,* 974 S.W.2d 689, 695 (Tenn. 1998). There is no conduct of the parties evidence that required Berkley to invoice Williams on an interim basis. Id. at 697. The trial court at that point could have accepted the

Plaintiff's rate or set a rate on its own. *Van Horn v. Nationwide Property & Cas. Ins.*, 436 Fed. Appx 496, 499 (6th Cir. 2011)

*Paralegal rates*

Berkley's paralegal hourly rates have been proven to a preponderance of the evidence. Williams' texted or e-mailed Berkley's paralegal when he could not get Plaintiff. T 158. Paralegal rates of $180 per hour are contained in invoices based on paralegal rates Berkley was able to review. T44, T49. Exhibit 2 was admitted without objection. T47-48. Exhibit 3 was admitted without objection. T51 Berkley reconstructed time in the invoices from his review of the public filed information, e-mails, texts, and other filings. T49-50. Similarly, Berkley was able to review text messages and e-mails to paralegal to prepare an estimate for the paralegal's times. T49-50; T103. Berkley's testimony and paralegal rates embedded in Exhibits 2 and 3 constitute particularized knowledge consistent with the commentary to Rule 701. *US v. Kerley*, 784 F.3d 327, 337-41 (6th Cir. 2015). Thus, the paralegal rates are admissible under Rule 701 and were admitted without objection in Exhibits 2 and 3. The trial court at that point could have accepted the Plaintiff's paralegal rate or set a rate on its own. *Van Horn v. Nationwide Property & Cas. Ins.*, 436 Fed. Appx 496, 499 (6th Cir. 2011)

*3. The trial court incorrectly applied the standard for allocating Berkley's services in the civil matter*

Regions only needed to enforce its money judgment against Williams to collect its whole judgment. See *Matter of Crouse Corp.*, 956 F.Supp. 1384, 1392 (W.D. Tenn. 1997). People's Choice was not an LLC at the time of trial or appeal. T141. Thus, Williams was responsible for paying 100% of the judgment. Williams received 100% of the benefits of Berkley's services in resisting the appeal and 25% of benefits of Berkley's services in resisting the FED action and the filing of the Writ of Certiorari to Circuit Court because he was one of four (4) individuals that lived at the subject property. Berkley's services kept Williams in his home for an additional year after he would have been evicted in January 2013. T43. Williams decided to appeal. T147.

*4. The trial court incorrectly applied the standard for allocating Berkley's services in the criminal matter*

Corporate officers are incarcerated for the criminal actions of corporations. *United States v. Dotterweich*, 320 US 277 (1943); *United States v. Park*, 421 US 658 (1975). The same rule applies to LLCs. *Hatfield v. Allenbrook* Nursing & Rehab Center, W2017-00957-COAR3-CV, 2018 WL 3740565 Slip Op. at 43-44 (Tenn. Ct. App. August 6, 2018). Thus, Williams was the only entity at the

criminal trial that was subject to incarceration for any criminal actions for Peoples' Choice even if its LLC status had not lapsed. Since it was not an LLC at the time, T141, then Williams would have suffer 100% of the incarceration and 100% of any criminal fines. Thus, Williams received 100% of the benefit of Berkley's services in defending the criminal matter and securing a hung jury in that Williams remained free on bond and remained innocent in the eyes of the law for sales tax fraud. Williams received the benefit of Berkley's services in that he remained free on bond and was not incarcerated. T43, T147, T127 Berkley did a ton of work in a hurry to keep Williams in his house and out of jail. T43.

## CONCLUSION

Berkley requests the Court of reverse and render the Order setting the default judgment or in the alternative to reverse and remand the judgment of July 14, 2021 for the trial court of compute damages in favor of the Plaintiff.

/S/ DRAYTON D. BERKLEY

## CERTIFICATE OF COMPLIANCE

This brief complies with the type volume limitation and contains less than 5,000.00 words.

Respectfully Submitted,

/S/DRAYTON D. BERKLEY
**DRAYTON D. BERKLEY, ESQ.**

**(BPR 022601) (YC818753)**
P.O. Box 771048
Memphis, Tennessee 38177
Telephone: (901) 322-8706
Fax: (901) 881-0316
e-mail: attorneyberkley@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing has been served upon counsel for the defendants in the U.S. Mail, first class postage paid, or e-mail and properly addressed or hand-delivery to:

Andre B. Mathis
Butler Snow
6075 Poplar Avenue Ste 500
Memphis, TN 38119

This the 7th day of December 2021.

/s/Drayton D. Berkley
**DRAYTON D. BERKLEY, ESQ.**

ADDENDUM

DESIGNATION OF THE RECORD OF THE LOWER COURT

RE 1[1]        December 16, 2017        COMPLAINT

RE 17[2]       September 18, 2018       DEFAULT JUDGMENT

---

[1] Page ID#1-13
[2] Page ID#47

| | | |
|---|---|---|
| RE 19[3] | September 28, 2018 | MOTION TO SET ASIDE |
| RE 21[4] | October 11, 2018 | CORRECTED RESPONSE TO MOTION |
| RE 25[5] | February 14, 2019 | ORDER SETTING ASIDE DEFAULT |
| RE 94 | April 21, 2021 | TRIAL TRANSCRIPT |
| RE 105[6] | August 13, 2021 | PLAINTIFF'S TRIAL EXHIBITS |
| RE 101[7] | July 14, 2021 | FINDINGS AND CONCLUSIONS |
| RE 102[8] | July 14, 2021 | JUDGMENT |
| RE 105[9] | August 13, 2021 | NOTICE OF APPEAL |

---

[3] Page ID #50-62
[4] Page ID #78-93
[5] Page ID #109-122
[6] Page ID# 894-907
[7] Page ID# 862-884
[8] Page ID# 885
[9] Page ID# 911